# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. WOMACK, | CASE NO. 1:12-cv-00194-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| MATTHEW CATE,, et al., | Doc. 2 |
| Defendants. | OBJECTIONS DUE WITHIN 21 DAYS |

**Findings and Recommendations**

**I. Procedural History**

On February 10, 2012, Plaintiff Daniel W. Womack ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging claims arising at California Substance Abuse Treatment Facility, Corcoran ("CSATF"). Doc. 1.[1] On the same date, Plaintiff filed a motion for preliminary injunction, alleging the defendants from CSATF violated his right to receive catalogs in the mail. Doc. 2.

**II. Legal Standard for Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

---

[1] Plaintiff is currently housed at the Correctional Training Facility in Soledad, California ("Soledad"). Docs. 1, 10.

1 and that an injunction is in the public interest." *Id.* at 20. An injunction may only be awarded upon
2 a *clear showing* that the plaintiff is entitled to relief. *Id.* at 22 (emphasis added). The purpose of
3 preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the
4 resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415,
5 1422 (9th Cir. 1984).

6       The pendency of this action does not give the Court jurisdiction over prison officials in
7 general who are not parties to this action. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93
8 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is
9 limited to the parties in this action and to the viable legal claims upon which this action is
10 proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

11       As a threshold matter, Plaintiff must establish that he has standing to seek preliminary
12 injunctive relief. *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969. Plaintiff "must show that he
13 is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be
14 actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged
15 conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or
16 redress the injury." *Id.*

17       In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
18 which provides in relevant part, "Prospective relief in any civil action with respect to prison
19 conditions shall extend no further than necessary to correct the violation of the Federal right of a
20 particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the
21 court finds that such relief is narrowly drawn, extends no further than necessary to correct the
22 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
23 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

24 **III. Analysis**

25     In Plaintiff's complaint, he alleges a denial of catalogs while at CSATF. Compl. at 6, Doc.
26 1. In Plaintiff's motion for preliminary injunction, he states that in April 2011 and August 2011, the
27 defendants from CSATF violated his right to receive catalogs in the mail. Mot. Prelim. Inj. at 1-2,
28 Doc. 2. Plaintiff is now housed at Soledad. *Id.* at 1. The Court's jurisdiction is limited to the parties

in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969. It is the *past* conduct of defendants which is at issue in this action, and the Court has no jurisdiction to issue any orders for Plaintiff's mail at Soledad. Thus, Plaintiff lacks standing in this action to obtain the relief sought. *Summers*, 555 U.S. at 493; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992); *Mayfield*, 599 F.3d at 969.

### IV. Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, filed February 10, 2012, should be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 23, 2012

UNITED STATES MAGISTRATE JUDGE