# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. WOMACK,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTHEW CATE, et al.,<br><br>          Defendants. | CASE NO. 1:12-cv-00194-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 14) |

Plaintiff Daniel W. Womack ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 10, 2012, Plaintiff filed a motion for a preliminary injunction. (ECF No. 2.) On August 24, 2012, the Magistrate Judge issued a findings and recommendations recommending to deny Plaintiff's motion for preliminary injunction. (ECF No. 11.) On September 7, 2012, Plaintiff filed objections to the findings and recommendations. (ECF No. 12.) On September 18, 2012, the District Judge issued an order adopting the findings and recommendations. (ECF No. 13.) On September 27, 2012, Plaintiff filed a motion for reconsideration regarding the order adopting the findings and recommendations. (ECF No. 14.)

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable

1 remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances
2 . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must
3 demonstrate both injury and circumstances beyond his control . . . ." <u>Id</u>. Local Rule 230(j)
4 requires Plaintiff to show "what new or different facts or circumstances are claimed to exist
5 which did not exist or were not shown upon such prior motion, or what other grounds exist for
6 the motion." "A motion for reconsideration should not be granted, absent highly unusual
7 circumstances, unless the district court is presented with newly discovered evidence, committed
8 clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
9 raise arguments or present evidence for the first time when they could reasonably have been
10 raised earlier in the litigation." <u>Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571
11 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

12    In Plaintiff's motion for reconsideration, he argues that he does have standing for a
13 preliminary injunction because Defendant Cate "<u>curently</u> [sic] maintains, enforces, or causes to
14 be enforced a prison regulation which violated plaintiff's rights under the First Amendment."
15 However, Defendant Cate is no longer the Secretary of the California Department of Corrections
16 & Rehabilitation ("CDCR"), and therefore he does not currently enforce any regulations related
17 to Plaintiff's motion for a preliminary injunction.  The Court takes judicial notice that the current
18 Secretary of the CDCR is Dr. Jeffrey A. Beard.  Thus, Plaintiff's complaint relates only to the
19 past conduct of Defendants in this action, and therefore Plaintiff does not have standing for a
20 preliminary injunction.

21    Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration
22 regarding the order adopting the findings and recommendations is DENIED.

24 IT IS SO ORDERED.
25 **Dated:   February 26, 2013         /s/  Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE