# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. WOMACK,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00194-LJO-SAB<br><br>ORDER SCREENING COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF NO. 1 |

## I.

## INTRODUCTION

Plaintiff Daniel W. Womack ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on February 10, 2012. (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court will dismiss Plaintiff's claims, with leave to amend.

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### PLAINTIFF'S COMPLAINT

The events described in Plaintiff's complaint took place while he was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California ("SATF-CSP").  Plaintiff names Matthew Cate (secretary of the California Department of Corrections and Rehabilitation), M. Seminario (correctional officer), and R. Tolson (correctional officer) as defendants in this action (all defendants collectively referred to as "Defendants").

Plaintiff alleges that on April 22, 2011, Defendants Seminario and Tolson withheld certain mail from Plaintiff on the grounds that it was impermissible contraband within the

meaning of Title 15 of the California Code of Regulations, Section 3006(c)(11). (Compl. ¶ 2.) Plaintiff's mail was withheld again by August 8, 2011 by Defendant Seminario for the same reason. (Compl. ¶ 4.) Plaintiff contends that the mail "consisted of non-subscription catalogs which three (3) different companies had sent to plaintiff at plaintiff's request. (Compl. ¶ 5.) Plaintiff provides no other details regarding the confiscated mail.

Plaintiff contends that the confiscated mail does not fall within Section 3006(c)(11)'s definition of contraband. (Compl. ¶ 8.) Plaintiff contends that he received similar catalogs while incarcerated at a different prison. (Compl. ¶ 12.) In the alternative, Plaintiff contends that Section 3006(c)(11) is unconstitutional. (Compl. ¶ 7.)

## IV.

## DISCUSSION

Plaintiff contends that his First Amendment free speech rights were violated by the confiscation of his mail. "[A]n inmate retains those First Amendment rights not 'inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir. 2001) (quoting Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 129 (1977)). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). In determining whether a regulation is valid, the Court looks to four factors: (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners, and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials. Id. at 89-90.

Plaintiff alleges that his mail was confiscated pursuant to Title 15, Section 3006(c)(11) of the California Code of Regulations. Section 3006(c)(11) states:

> (c)   Except as authorized by the institution head, inmates shall not possess or have under their control any matter which contains or concerns any of the following:

3

>  (11) Catalogs, advertisements, brochures, and material whose primary purpose is to sell a product(s) or service(s) and when taken as a whole, lacks serious literary, artistic, political, educational, or scientific value.

Cal. Code Regs, tit. 15, § 3006(c)(11).

Plaintiff presents two alternative theories in support of his First Amendment claim. First, Plaintiff contends that Defendants Seminario and Tolson wrongfully confiscated Plaintiff's mail because Plaintiff's mail did not fall within the scope of Section 3006(c)(11). Plaintiff's claim fails because isolated incidents of mail confiscation, without improper motive, does not rise to the level of a constitutional violation. Lingo v. Boone, 402 F. Supp. 768, 773 (N.D. Cal. 1975); see also Gardner v. Howard, 109 F.3d 427, 430-31 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2nd Cir. 1975). Accordingly, to the extent that Seminario and Tolson erred in confiscating Plaintiff's mail on two occasions and that confiscation was not authorized by prison regulation, Seminario and Tolson's actions do not rise to the level of a constitutional violation.

Second, Plaintiff alternatively contends that his First Amendment rights were violated because Section 3006(c)(11) is unconstitutional on its face. Plaintiff's claim on this theory fails because Plaintiff fails to allege sufficient facts that plausibly support the conclusion that Section 3006(c)(11) is unconstitutional. As an initial matter, it is evident that Plaintiff was deliberately vague in describing the content of the mail that was confiscated. On its face, Section 3006(c)(11) is clearly intended to prohibit the possession of harmful or offensive materials, such as pornography. Prohibiting prisoners from possessing sexually explicit materials is not unconstitutional. See Mauro v. Arpaio, 188 F.3d 1054, 1059 (9th Cir. 1999) (prohibiting jail inmates from possessing sexually explicit material not unconstitutional); Frost v. Symington, 197 F.3d 348 (9th Cir. 1999) (confiscation of pornographic magazines not unconstitutional). Since Plaintiff has not described the materials that were confiscated, Plaintiff has not alleged enough facts to plausibly support the conclusion that the confiscation of those materials was unconstitutional, since it is plainly constitutional to confiscate certain kinds of materials.

///

For the foregoing reasons, Plaintiff's complaint fails to state any cognizable claims.

## V.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, dated February 10, 2012, is dismissed for failure to state a claim upon which relief may be granted;
3. If Plaintiff wishes to amend, he must file an amended complaint within **thirty (30) days** from the date of service of this order; and

/ / /

/ / /

/ / /

4      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **January 24, 2014**

UNITED STATES MAGISTRATE JUDGE