1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. WOMACK, | Case No.  1:12-cv-00194-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PLAINTIFF'S CLAIMS WITHOUT LEAVE TO AMEND |
| v. | |
| MATTHEW CATE, et al., | ECF NO. 18 |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

**I.**

**INTRODUCTION**

Plaintiff Daniel W. Womack ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint in this action on February 10, 2012.  (ECF No. 1.)  The Court screened and dismissed Plaintiff's original complaint on January 24, 2014.  (ECF No. 17.)  This action now proceeds on the First Amended Complaint filed on February 12, 2014.  (ECF No. 18.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims.

/ / /

/ / /

1

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

The events described in Plaintiff's complaint took place while he was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California ("SATF-

2

CSP"). Plaintiff names Matthew Cate (secretary of the California Department of Corrections and Rehabilitation), M. Seminario (correctional officer), and R. Tolson (correctional officer) as defendants in this action (all defendants collectively referred to as "Defendants").

Plaintiff alleges that on April 22, 2011, Defendants Seminario and Tolson withheld certain mail from Plaintiff on the grounds that it was impermissible contraband within the meaning of Title 15 of the California Code of Regulations, Section 3006(c)(11). (Compl. ¶ 2.) Plaintiff's mail was withheld again by August 8, 2011 by Defendant Seminario for the same reason. (Compl. ¶ 4.) Plaintiff contends that the mail "consisted of non-subscription catalogs which three (3) different companies had sent to plaintiff at plaintiff's request. (Compl. ¶ 5.) Plaintiff admits that he is unaware of the exact contents of the withheld mail. (Compl. ¶ 7.) However, Plaintiff contends that the catalogs consisted of photographs of women in bathing suits and lingerie. (Compl. ¶ 8.) Plaintiff contends that the catalogs did not contain any nudity and were not obscene, harmful, offensive, or sexually explicit. (Compl. ¶ 8.)

Plaintiff contends that the confiscated mail does not fall within Section 3006(c)(11)'s definition of contraband. (Compl. ¶ 10.) Plaintiff contends that he received similar catalogs while incarcerated at a different prison. (Compl. ¶ 14.) In the alternative, Plaintiff contends that Section 3006(c)(11) is unconstitutional. (Compl. ¶ 9.)

**IV.**

**DISCUSSION**

**A.    First Amendment Free Speech Claims**

Plaintiff contends that his First Amendment free speech rights were violated by the confiscation of his mail. "[A]n inmate retains those First Amendment rights not 'inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir. 2001) (quoting Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 129 (1977)). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). In determining whether a regulation is valid, the Court looks to four factors: (1) whether the

regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners, and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials.  Id. at 89-90.

Plaintiff alleges that his mail was confiscated pursuant to Title 15, Section 3006(c)(11) of the California Code of Regulations.  Section 3006(c)(11) states:

> (c)    Except as authorized by the institution head, inmates shall not possess or have under their control any matter which contains or concerns any of the following:
> (11)   Catalogs, advertisements, brochures, and material whose primary purpose is to sell a product(s) or service(s) and when taken as a whole, lacks serious literary, artistic, political, educational, or scientific value.

Cal. Code Regs, tit. 15, § 3006(c)(11).

Plaintiff presents two alternative theories in support of his First Amendment claim.  First, Plaintiff contends that Defendants Seminario and Tolson wrongfully confiscated Plaintiff's mail because Plaintiff's mail did not fall within the scope of Section 3006(c)(11).  Plaintiff's claim fails because isolated incidents of mail confiscation, without improper motive, does not rise to the level of a constitutional violation.  Lingo v. Boone, 402 F. Supp. 768, 773 (N.D. Cal. 1975); see also Gardner v. Howard, 109 F.3d 427, 430-31 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2nd Cir. 1975). Accordingly, to the extent that Seminario and Tolson erred in confiscating Plaintiff's mail on two occasions and that confiscation was not authorized by prison regulation, Seminario and Tolson's actions do not rise to the level of a constitutional violation.

Second, Plaintiff alternatively contends that his First Amendment rights were violated because Section 3006(c)(11) is unconstitutional on its face.  Plaintiff's claim on this theory fails because Plaintiff fails to allege sufficient facts that plausibly support the conclusion that Section 3006(c)(11) is unconstitutional.  Plaintiff admits that the catalogs that were confiscated were sexually oriented in that they portrayed women in lingerie and bathing suits.  It is well-

1  established that the Constitution permits greater restriction of rights in the prison setting that it
2  would allow elsewhere.  Beard v. Banks, 548 U.S. 521, 528 (2006).  "[C]ourts owe 'substantial
3  deference to the profession judgment of prison administrators.'"  Id. (quoting Overton v.
4  Bazzetta, 539 U.S. 126, 132 (2003)).  Restrictive prison regulations are permissible if they are
5  reasonably related to legitimate penological interests.  Id.  Courts have recognized that it is
6  constitutional for prisons to restrict inmates' access to sexually oriented materials to prevent
7  sexual harassment, to reduce sexual aggression and non-consensual sex between inmates, etc.
8  See Elfand v. County of Sonoma, No. C 11-0863 WHA (PR), 2013 WL 1007292, at *3 (Mar. 13,
9  2013) (and cases cited therein).  In Bahrampour v. Lampert, 356 F.3d 969 (9th Cir. 2004), the
10  Ninth Circuit upheld a prison's prohibition of a specific issue of "Muscle Elegance" magazine
11  for the penological reasons stated above.

12      Plaintiff fails to allege sufficient facts that plausibly support the conclusion that the
13  prison's confiscation of catalogs containing photographs of women in lingerie and bathing suits
14  was not reasonably related to legitimate penological interests.  For the foregoing reasons,
15  Plaintiff's complaint fails to state any cognizable claims.

16      **B.      Dismissal Without Leave To Amend**

17      The Court previously informed Plaintiff of the deficiencies in his claims.  Plaintiff's First
18  Amended Complaint does not allege any new or different facts that address the deficiencies
19  previously identified.  Accordingly, the Court finds that the deficiencies in Plaintiff's claims are
20  not capable of being cured by granting further leave to amend.  The Court recommends that
21  Plaintiff's claims be dismissed without leave to amend.  See Foman v. Davis, 371 U.S. 178, 182
22  (1962); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

23                          **V.**

24                  **CONCLUSION AND RECOMMENDATION**

25      For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint
26  fails to state any cognizable claims.

27      Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's First Amended
28  Complaint be DISMISSED without leave to amend.

1    These Findings and Recommendations are submitted to the United States District Judge

2  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

3  Local Rules of Practice for the United States District Court, Eastern District of California.

4  Within **thirty (30) days** after being served with a copy, any party may file written objections

5  with the Court and serve a copy on all parties.   Such a document should be captioned

6  "Objections to Magistrate Judge's Findings and Recommendation."   The Court will then review

7  the Magistrate Judge's Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).

8  The parties are advised that failure to file objections within the specified time may waive the

9  right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10

IT IS SO ORDERED.

11

12  Dated:   **February 21, 2014**

UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28